Approved: _William C. Kinder_ (signature)
          William C. Kinder
          Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

**22 MAG 8398**

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - v. -

OWEN WALKER,

                   Defendant.

- - - - - - - - - - - - - - - - - X

**SEALED COMPLAINT**

Violations of
18 U.S.C §§ 922(g)(1),
924(a)(8), and 2.

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

      GEORGE LANE, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation's Violent Crimes Task Force, and charges as follows:

### COUNT ONE
### (Felon in Possession)

      1.  On or about October 4, 2022, in the Southern District of New York and elsewhere, OWEN WALKER, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, and the ammunition was in and affecting commerce.

  (Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 2.)

      The bases for my knowledge and the foregoing charges are, in part, as follows:

      2.  I have been involved in the investigation of this matter, and I base this affidavit on that experience, as well as

on my conversations with other law enforcement personnel, interviews of victims, and my examination of various reports and records, including body-worn and security camera footage. Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part.

### THE DEFENDANT'S CRIMINAL HISTORY

3.    Based on my review of law enforcement and court databases, I know that OWEN WALKER, the defendant, has at least four prior felony convictions. Specifically:

a. On or about April 4, 1991, WALKER was convicted in New York County Supreme Court of robbery in the first degree, a class B Felony, in violation of New York Penal Law § 160.15. He was sentenced to a term of imprisonment of 90 months to 15 years.

b. On or about April 26, 1991, WALKER was convicted in New York County Supreme Court of robbery in the first degree, a class B Felony, in violation of New York Penal Law § 160.15. He was sentenced to a term of imprisonment of 90 months to 15 years.

c. On or about December 10, 1986, WALKER was convicted in New York County Supreme Court of robbery in the second degree, a class C Felony, in violation of New York Penal Law § 160.10. He was sentenced to a term of imprisonment of 3 to 9 years.

d. On or about December 10, 1986, WALKER was convicted in New York County Supreme Court of grand larceny in the third degree, a class E Felony, in violation of New York Penal Law § 155.30. He was sentenced to a term of imprisonment of 1 to 3 years.

### OCTOBER 4, 2022 SHOOTING INCIDENT

4.    Based on my interview of a victim (the "Victim") and review of security camera footage, I have learned the following:

a. The Victim was shot at on the morning of October 4, 2022 (the "Incident"), by an individual (the

"Shooter"), near the intersection of Gleason Ave. and Croes Ave. in the Bronx.

        b. At approximately 10:25 am on or about October 4, 2022, the Victim bought heroin from the Shooter on the sidewalk near the Gleason Gourmet Deli Grocery ("Gleason Deli") at 1690 Gleason Ave. After the drug deal was completed, the Shooter and the Victim became engaged in a verbal altercation regarding the amount of money the Victim had paid the Shooter for the heroin.

        c. The Shooter wore a red New York Yankees baseball cap and glasses. During the verbal altercation with the Victim, the Shooter pulled a baseball bat from a nearby vehicle and began swinging it at the Victim. The Victim then fled southbound on Croes Ave. on foot.

        d. After the Victim fled, the Shooter walked to and entered a residential building at 1123 Noble Ave.

        e. At approximately 10:40 am, the Shooter returned to the sidewalk near the Gleason Deli, where he pulled an object from his waistband and placed it on top of the back left tire of a vehicle parked on the street. The Shooter then loitered on the sidewalk outside of the Gleason Deli.

        f. At approximately 10:45 am, the Shooter retrieved the object he had placed on the tire and placed it inside his waistband. He then began to walk southbound on Croes Ave. toward the Victim, who was walking northbound on Croes Ave.

        g. The Shooter confronted the Victim near 1155 Croes Ave., where he pulled a handgun from his waistband and pointed it at the Victim from approximately 10 to 20 yards away. Security camera footage shows the Shooter firing multiple rounds at the Victim, missing him.

        h. After firing at the Victim, the Shooter placed the handgun back in his waistband and walked northbound on Croes Ave. toward Gleason Ave. The Victim followed the Shooter on foot while yelling at him.

        i. The Shooter turned left on Gleason Ave. and walked westbound past the Gleason Deli, while the Victim continued to follow on foot. Near 1684 Gleason Ave., the Shooter pulled the handgun from his waistband and fired multiple rounds at the Victim, again missing him. The Victim then fled southbound on Croes Ave.

j. The Shooter returned to the residential building at 1123 Noble Ave. At approximately 11:00 am, the Shooter exited 1123 Noble Ave. wearing a different hat and clothing and departed in a vehicle.

5. Based on my review of law enforcement reports and records, I have learned the following:

a. Officers from the New York City Police Department ("NYPD") responded to the vicinity of the Incident following a report of shots having been fired.

b. The officers recovered ammunition (the "Ammunition") from the sidewalk in front of 1155 Croes Ave.

c. The Ammunition consisted of one fired 9 mm bullet and two dispensed 9mm shell casings of the following make and model: FG and Luger.

### IDENTIFICATION OF OWEN WALKER

6. I believe OWEN WALKER, the defendant, is the Shooter. The bases for this conclusion are as follows:

a. Based on my review of NYPD reports and records, body-worn camera footage, and discussions with other law enforcement personnel, I have learned that WALKER received a summons from the NYPD on September 22, 2022 for parking an electric scooter on a public sidewalk near the intersection of Croes Ave. and Gleason Ave., across from the Gleason Deli. WALKER's home address was identified as 1123 Noble Ave. in the Bronx, the same residence that the Shooter entered and exited the morning of the Incident.

b. Body-worn camera footage from September 22, 2022 shows WALKER wearing a red New York Yankees baseball cap and glasses, which appear identical to the hat and glasses worn by the Shooter during the Incident. In addition, physical characteristics of WALKER, including weight, skin color, and facial features, closely resemble those of the Shooter.

*Still image from body-worn camera footage of OWEN WALKER on September 22, 2022*

*Still image from security camera footage of the Shooter on October 4, 2022*




   c. An NYPD Officer who issued the September 22, 2022 summons to WALKER reviewed security camera footage of the Incident and positively identified the Shooter as OWEN WALKER.

   d. During my interview of the Victim, the Victim stated that he knew the Shooter by the name "O-Boy."

   e. When shown a photo array of six individuals, the Victim positively identified a photo of OWEN WALKER as the Shooter.

   7. Based on communications with a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, I know that the Ammunition was not manufactured in New York State.

WHEREFORE, I respectfully request that a warrant be issued for the arrest of OWEN WALKER, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

/s authorized electronic signature
_____
Special Agent George Lane
Federal Bureau of Investigation

Sworn to me through the transmission
of this Complaint by reliable electronic
means, pursuant to Federal Rules of
Criminal Procedure 41(d)(3) and 4.1, this
<ins>19</ins>th day of October, 2022

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK